IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHESTER CLAYTON**                                              **PETITIONER**

**V.**                                      **CIVIL ACTION NO. 3:19CV629 CWR-LRA**

**VICTOR MASON, SHERIFF**                                   **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pre-trial detainee Chester Clayton filed the instant petition for writ of habeas corpus relief on September 3, 2019. Respondent moves to dismiss the petition for failure to state a claim upon which relief may be granted, or in the alternative, for failure to exhaust state court remedies. Upon review of the pleadings and applicable case law, the undersigned recommends that the petition be dismissed.

In order for this court to review the claims of a state pre-trial detainee under § 2241, two prerequisites must be met. The petitioner must first be "in custody" pursuant to 28 U.S.C. § 2241(c), and second, he must have exhausted his available state remedies. *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987).

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973). The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. To the contrary, a pre-trial detainee is not permitted to derail "a pending state

court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id*. at 493.  The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490).  The Fifth Circuit has held that this distinction rests upon the type of relief requested by the petitioner:  If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings.  *Id.* at 1282.  If he is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial.  *Id.*  "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met."  *Id.* at 1283.

    Clayton is currently awaiting trial in the custody of the Hinds County Detention Center facing two counts of statutory rape.  Following his indictment on September 14, 2017, trial was initially set for July 19, 2018.  However, due to numerous trial continuances by either agreement of the parties, or on the motion of the defense, the record reflects that trial was rescheduled to June 1, 2020.[1]  A "Motion for Review of

---

[1] However, this Court takes judicial notice of the fact that on May 19, 2020, the Circuit Court of Hinds County entered an "Emergency Administrative Order." The order, inter alia, continued all jury trials until further notice of the court due to the COVID-19 pandemic.  www.hindscountyms.com/court-systems/circuit-court-judges

Conditions of Release" and a "Motion to Compel Discovery" filed by defense counsel are also still pending in Hinds County Circuit Court.[2]

Although represented by counsel on the underlying charges, Clayton filed the instant petition pro se, alleging speedy trial and due process violations. Though he concedes that neither issue has been considered by the State's highest court, Clayton requests that "he be immediately released from custody and all charges as well as indictment be dismissed with prejudice" in his prayer for relief.[3] Because there can be no dispute that this request would prevent the State from following through with its prosecution on the pending charges, Clayton fails to state a claim upon which 28 U.S.C. § 2241 relief may be granted.

To the extent Petitioner seeks to raise a claim challenging the delay in trial, he does not assert, nor does the record reflect, "special circumstances" which would allow this Court to consider the merits of his claims before he has been tried. The constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson*, 816 F.2d at 227.  Petitioner must still overcome the hurdles of exhaustion before requesting federal relief. *Brown*, 530 F.2d at 1283.

---

[2] ECF Nos. 6-4—6-5

[3] ECF No. 1, p. 7.

For these reasons, the undersigned recommends that the instant petition be dismissed for failure to state a claim upon which habeas relief may be granted, or in the alternative, for failure to exhaust available state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. ' 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on June 29, 2020.

    s/ Linda R. Anderson    
UNITED STATES MAGISTRATE JUDGE
